UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN MACULAN, | Civil No. 13cv1794 L (WVG) |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** [doc.#19] |
| v. | |
| CITY OF ESCONDIDO, | |
| Defendant. | |

Defendant City of Escondido filed a motion for summary judgment on May 12, 2014. [doc. #17] The hearing date was set for June 30, 2014.

Civil Local Rule 7.1.f.3.a provides in relevant part:

> [A] party opposing a motion, or other request for ruling by the court must file a written opposition. If such party chooses not to oppose the motion, the party must file a written statement that the party does not oppose the motion or other request for ruling by the court.

Further, Civil Local Rule 7.1.f.3.c indicates: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In this case, plaintiff neither filed a timely response in opposition to the motion nor a statement of non-opposition in conformity with the Civil Local Rules. Either was due on or before June 16, 2014. Instead, on June 20, 2014, plaintiff filed a motion for voluntary dismissal

under Federal Rule of Civil Procedure 41(a)(2) without first obtaining a hearing date from the Court. The parties were each given an opportunity to fully brief plaintiff's motion for voluntary dismissal.

**Discussion**

Defendant, in opposition to plaintiff's motion for voluntary dismissal without prejudice, requests that the Court either grant its motion for summary judgment or dismiss the action only upon requiring appropriate conditions, *i.e.,* attorneys' fees incurred in bringing its motion for summary judgment and defending the action.

Once an answer or summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff, with the approval of the court, to dismiss an action without prejudice: "Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...." A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion. Rule 41(a)(2) does not require the imposition of costs as a condition for voluntary dismissal. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Therefore, a plaintiff may dismiss an action without prejudice so long as the defendant will not be prejudiced and the Court approves. *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

 "Although courts often award defendants costs and attorney fees when granting a plaintiff's motion to dismiss without prejudice under 41(a)(2), such an award is improper when the dismissal is *with prejudice*." *United States v. Two Parcels*, 2001 WL 1180698, *2 (N.D. Cal. 2001); *see also Design Trend Int'l Interiors, Ltd. v. Huang*, 2007 WL 2683790 (D. Az. 2007) ("district courts rarely grant an award of reasonable attorneys' fees when an action is dismissed voluntarily with prejudice."). Attorneys' fees are unjustified in such cases because there is no risk of plaintiff refiling the same suit and imposing duplicative expenses upon defendant. *Id.*

As noted above, plaintiff moves for voluntary dismissal of the action without prejudice. Defendant, while seeking to have the Court grant its motion for summary judgment, also "does not oppose a dismissal without prejudice so long as appropriate conditions are imposed." (Opp.

at 2.) The conditions defendant seeks include recovery of some or all of the costs incurred in bringing its motion for summary judgment and defending this action, including the costs and fees incurred in taking plaintiff's deposition, the deposition of the 911 reporting party, defendant's defense of five police officer depositions and extensive written discovery. (*Id.* at 2-3.)

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Stevedoring Services of America*, 889 F.2d at 975. In the Ninth Circuit, plain legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Neither "the expense incurred in defending against a lawsuit" nor the "[u]ncertainty [that] a dispute remains unresolved" amounts to "legal prejudice." *Id.*; *see also Mitchell-Jones v. Menzies Aviation, Inc.*, 2011 WL 3273221, *3 (W.D. Wash., 2011) ("The Ninth Circuit has plainly rejected this type of inconvenience and expense as a basis for finding plain legal prejudice in the context of a Rule 41(a)(2) motion. *See, e.g., In re Lowenschuss*, 67 F.3d 1394, 1400–01 (9th Cir.1995) ("[T]he inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice."). Accordingly, defendant's request here for its total costs incurred in defending this action does not support a finding of plain legal prejudice.

Nevertheless, if the action is dismissed without prejudice and no conditions are required, there is no guarantee that plaintiff will not name defendant in his action in state court or initiate another action against defendant City of Escondido. Such a situation would cause the defendant to potentially incur duplicative costs and attorney's fees. A defendant against whom a claim has been dismissed without prejudice, has not been "freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award." *Colombrito v. Kelly*, 764 F.2d 122, 134 (2nd Cir. 1985).

Here, plaintiff states that the City of Escondido will not be a defendant in the state court action. But such a statement may not be sufficiently binding legally unless dismissal is

conditioned upon plaintiff's assertion.

Further, where a defendant has incurred substantial expense, the court may exercise its discretion to protect the defendant's interests by conditioning a voluntary dismissal without prejudice upon the payment of appropriate costs and attorney fees. *Westlands*, 100 F.3d at 97. However, the court should only award attorney fees for work which cannot be used in any future litigation. *Id.*, 100 F.3d at 97; *see also Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993)( If a dismissal is conditioned on the payment of costs and attorney's fees, the defendant should only be awarded attorneys' fees for work which cannot be used in any future litigation of these claims.)

## Conclusion

This action has been pending since August 1, 2013. The parties have conducted significant discovery and the City of Escondido furthered this litigation by filing a motion for summary judgment which plaintiff failed to oppose in violation of the Civil Local Rules. Instead, plaintiff filed a motion for voluntary dismissal without prejudice. There is no "legal prejudice" to defendant in dismissing this case without prejudice. Accordingly, defendant's request for its total costs incurred in defending this action. However, there is a real risk of defendant being brought in to the plaintiff's state court action or in a new action which would likely result in duplicative efforts and costs for defendant.

The Court finds and concludes that conditioning plaintiff's motion for voluntary dismissal is appropriate in this action. A court granting a motion for voluntary dismissal with conditions must give the plaintiff "a reasonable period of time within which [either] to refuse the conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of conditions." *Beard v. Sheet Metal Workers Union*, 908 F.2d 474, 476 (9th Cir. 1990).

Based on the foregoing, **IT IS ORDERED granting** plaintiff's motion for voluntary dismissal without prejudice subject to the condition that should plaintiff seeks to amend his state court complaint to name defendant City of Escondido, or refile an action against defendant under the same or substantially similar facts or law, plaintiff shall bear defendant's costs from this suit

for discovery, motion practice, or any other items, which defendant is able to demonstrate cannot be used in the second or future litigation.

**IT IS FURTHER ORDERED** that plaintiff shall file a notice on or before **July 11, 2014**, stating that he agrees to the court's condition before a dismissal without prejudice will be entered in this matter, or that the dismissal may be with prejudice, or that he will instead proceed with this case. Should plaintiff decline the court's condition, or decline to dismiss this action with prejudice, then he shall file his response to defendant's motion for summary judgment on or before **July 14, 2014**.

**IT IS FURTHER ORDERED** that if a dismissal without prejudice is entered, the Court will retain jurisdiction over this lawsuit for the limited purpose of hearing and ruling on any motions by defendant for costs and reasonable attorney's fees that should be awarded if plaintiff names defendant in his state court action or refiles the same or a substantially similar lawsuit against defendant.

**IT IS SO ORDERED.**

DATED: July 8, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL